I concur specially to address the problem that appears in this case and in several others that have been before this court. The problem is that the parties apparently do not realize that they have the responsibility of informing the appellate court of any significant developments occurring after the record on appeal and the briefs have been submitted to the court for appellate review.
For instance, in this case the court entered the final judgment, that being the judgment disposing of all remaining issues, on September 7, 1995. Nichols's original appeal was pending before this court at that time. This court conditionally dismissed the appeal on June 28, 1996, to allow the trial court to enter a Rule 54(b) order within 10 days. Apparently, at no time in the 9 months that elapsed between the entry of the final judgment and the entry of this court's order conditionally dismissing the case did the appellant notify this court that a final judgment had been entered. Likewise, the appellant did not make this court aware of the final judgment during the 10-day-period allotted for a Rule 54(b) order. Therefore, the appeal was dismissed, and the appeal brought by Nichols on September 4, 1997, was untimely.